NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| USNILE LIMITED LIABILITY COMPANY,<br><br>Plaintiff<br><br>v.<br><br>STORMIPTV et al<br><br>Defendants | |
| JELLYBEAN ENTERTAINMENT, INC.,<br><br>Consol. Plaintiff,<br><br>v.<br><br>USNILE LIMITED LIABILITY COMPANY, ESMAT GAYED, MEDHAT FAIK,<br><br>Consol. Defendants. | No. 2: 13-cv-00067 (JLL)(JAD)<br><br>**OPINION** |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon a motion by Defendants, USNile Limited Liability Corporation ("USNile"), Esmat Gayed, and Medhat Faik[1] to vacate the preliminary injunction (Dkt. 13-cv-07043, ECF No. 61), as well as upon a motion by Plaintiff Jellybean Entertainment, Inc. d/b/a MagicTV Box ("Jellybean") for contempt. (Dkt. 13-cv-07043, ECF No.

---

[1]Faik is a member and founder of USNile. (Faik Declaration ¶1, Dkt. 13-cv-07043, ECF No. 74-6). Gayed is the Vice President and a founder of USNile. (Gayed Declaration ¶1, Dkt. 13-cv-07043, ECF No. 74-1).

1

39). The motions were referred to this Court upon consent of the parties. (ECF No. 45).[2] Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court did not hear oral argument on these applications. Upon consideration of the parties' briefs, and for the reasons stated below, the Court **GRANTS** USNile's motion to vacate the preliminary injunction and **DENIES** Jellybean's motion for contempt.

## I.    BACKGROUND

USNile and Jellybean are both providers of Arabic-language television programming through Internet Protocol Television ("IPTV") across the United States, and are direct competitors of one another. (Complaint, Dkt. 13-cv-07043, ECF No. 1, ¶¶ 9-11). Both parties claim to have the exclusive licensing rights for certain Arabic language television channels. (Order Granting Motion to Transfer, Dkt. 13-cv-07043, ECF No. 78-1). This action arises from the parties' claims against each other for copyright and trademark infringement. *Id.*

On January 4, 2013, USNile brought this action against Jellybean in the District of New Jersey, alleging copyright and trademark infringement, unfair competition, and various business torts related to the defendants' alleged unauthorized broadcasting and distribution of certain Arabic language television channels. (*See* Complaint, ECF No. 1). USNile also sought to enjoin Jellybean and several other defendants[3] from illegally pirating and infringing USNile's copyrighted and trademarked foreign network television programming. *Id.* ¶¶1-2.

On January 17, 2013, Jellybean brought an action against USNile, Gayed, and Falik (hereinafter "the USNile defendants") in the Southern District of California. (*See* Complaint, Dkt. 13-cv-07043, ECF No. 1). Jellybean alleged copyright and trademark infringement of various

---

[2] Unless otherwise noted, all "ECF" citations refer to the docket in Civil Action No. 13-00067.
[3] Those defendants, StormIPTV, ReliableIPTV LLC, B Telecom, DreamIPTV, FDCServers LLC, SGZ Group, and Bay Area Internet Solutions, have since been terminated.

television channels, as well as trade libel, intentional interference with current and prospective economic advantage, and violations of California statutory law. *Id.* Jellybean also sought to enjoin USNile from its alleged copyright and trademark infringement with regard to Jellybean's foreign television programming. (*Id.* ¶¶ 16-25).

The following procedural history pertains to Jellybean's action in the Southern District of California, which was ultimately transferred to the District of New Jersey. On March 22, 2013, Jellybean filed a Motion for a Preliminary Injunction against the USNile defendants, seeking to enjoin them from broadcasting twenty-three (23) television channels, as well as representing to customers that they own the broadcast rights to said television channels. (Dkt. 13-cv-07043, ECF No. 4). The USNile defendants did not file any opposition to that Motion.

On April 8, 2013, the Clerk of the Court of the Southern District of California entered a default against USNile and Esmat Gayed for their failure to plead or otherwise defend against Jellybean's claims.[4] (Dkt. 13-cv-07043, ECF No. 12). On April 18, 2013, the USNile defendants filed a motion to set aside the default. (Dkt. 13-cv-07043, ECF No. 14). The USNile defendants explained that their delay was attributed to their counsel's "inability to find local counsel willing to support his pro hac vice admission." *See Jellybean Entertainment, Inc. v. USNile LLC, et al.*, No. 13–CV–144–IEG (WMC), 2013 WL 3283845, at *2 (S.D. Cal. June 26, 2013).

On May 16, 2013, the USNile defendants filed a motion to stay the scheduled hearing on Plaintiff's motion for preliminary injunction until the Court ruled on a motion to dismiss they had filed. (Dkt. 13-cv-07043, ECF No. 27). The Court in the Southern District of California (Gonzalez, J.) denied without prejudice Defendants' motion to dismiss because it was filed after

---

[4] It is unclear why Jellybean only sought default against USNile and Gayed, and did not also seek default against Faik, who also failed to answer the Complaint. Even though the Clerk never entered default against Faik, however, Faik joined USNile and Gayed in moving to set aside the default.

default and was therefore precluded. (Dkt. 13-cv-07043, ECF No. 28). Because the Court's ruling on the motion to dismiss rendered moot the USNile defendants' motion to stay the preliminary injunction hearing, the Court also denied their motion to stay. *Id.*

On June 19, 2013, the Court (Gonzalez, J.) entered an Order granting Jellybean's motion for preliminary injunction. *See Jellybean Entertainment, Inc. v. USNile LLC et al.*, No. 13–CV–144–IEG (WMC), 2013 WL 3147737 (S.D. Cal. June 19, 2013). The Court noted that default had been entered against the USNile defendants, and that the effect of such entry of default is "the admission of the truth of the well pleaded allegations of the complaint." *Id.* at *1 (internal citations and quotations omitted). The Court held that Jellybean's allegations, *i.e.*, that USNile illegally pirated, broadcasted, and distributed Arabic language channels for which Jellybean owned the exclusive broadcast and distribution rights; and that USNile misrepresents that Jellybean is stealing channels, being investigated and sued, when taken as true, "suffice to establish likely success on the merits and irreparable harm." *Id.* After the injunction was entered, USNile's counsel advised USNile that the injunction was "merely a scare tactic that did not have to be obeyed," and USNile continued to broadcast its television channels in violation of the injunction. (Pl. Br., Dkt. 13-cv-07043, ECF No. 61-1 at 1).

On June 26, 2013, the District Court (Gonzalez, J.) granted the USNile defendants' motion to set aside the default. The Court determined there was good cause to set aside the default because the USNile defendants did not engage in culpable conduct that led to the default; they had a meritorious defense; and because Jellybean would not be prejudiced in the setting aside of the default beyond a "simple delay." *See Jellybean v. USNile*, No. 13-cv-144-IEG (WMC), 2013 WL 3283845 (S.D. Cal. June 26, 2013). The Court noted that defense counsel did not apply for *pro hac vice* admission until approximately 6 weeks after its responsive pleading was due, and

4

characterized the delay as reflecting an "inexcusable lack of diligence." *Id.* at *2. Nonetheless, the Court found that USNile's counsel did not act in bad faith in failing to timely file a responsive pleading. *Id.*

On August 8, 2013, Jellybean filed a motion for contempt against the USNile defendants for violating the preliminary injunction. (Dkt. 13-cv-07043, ECF No. 39). On September 24, 2013, new counsel for the USNile defendants appeared in this action, and filed this motion to vacate the preliminary injunction on the same day. (Dkt. 13-cv-07043, ECF No. 61). To this day, USNile continues broadcasting its Arabic language television channels in violation of the injunction. (Def. Br. at 5, Dkt. 13-cv-07043, ECF No. 66).

On November 18, 2013, the Southern District of California transferred the Jellybean action (Dkt. 13-7043) to the District of New Jersey. On December 9, 2013, this Court consolidated Jellybean's action with USNile's case, Civil Action No. 13-00067, which had been filed first in the District of New Jersey. (ECF No. 39).

## II. DISCUSSION AND ANALYSIS

### A. Legal Standard

Rule 60(b)(5) of the Federal Rules of Civil Procedure grants courts the discretion to relieve a party "from a final judgment, order, or proceeding" if "applying it prospectively is no longer equitable." *See* Fed. R. Civ. P. 60(b)(5).[5] Rule 60(b)(6) also allows courts to relieve a party from an order under equitable principles, "for any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(6). A party may obtain relief from an order entering a preliminary injunction through

---

[5] Rule 60(b)(5) states, in relevant part, that "the court may relieve a party...from a final judgment, order, or proceeding for the following reasons: . . . (5) it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."

making a motion under Rule 60(b).[6] *See Petties v. District of Columbia*, 662 F.3d 564, 566 (D.C. Cir. 2011) (remanding case to district court to review whether a preliminary injunction should be vacated pursuant to Rule 60(b)(5)); *FTC v. Lalonde*, 545 F. App'x 825, 833 (11th Cir. 2013) (analyzing whether defendant was entitled to Rule 60(b) relief from a stipulated preliminary injunction); *Precision Fitness Equipment, Inc. v. Nautilus, Inc.*, No. 08-cv-01228-CMA-KLM, 2009 WL 2169361, at *1 (D. Colo. July 29, 2009) (citing *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1445 (10th Cir. 1983)) (applying Rule 60(b) to determine whether to grant relief from a preliminary injunction order). "[T]he preference is to hear matters on their merits and, when deciding a Rule 60(b) motion, courts should generally resolve all factual doubts in favor of the party seeking relief." *See Precision Fitness Equipment, Inc.*, 2009 WL 2169361, at *1 (citing *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1445 (10th Cir. 1983)).

Pursuant to Fed. R. Civ. P. 1,[7] the Court has an obligation to "exercise the procedural authority the Rules bestow" to administer justice. *See* Baicker-McKee, Janssen, Corr, Federal Civil Rules Handbook 2014, at 198. The Court therefore has the inherent authority to modify a preliminary injunction as justice requires. *See Emerson Electric Co. v. Le Carbone Lorraine*, No. 05-6042 (JBS), 2009 WL 313754, at *1 (D.N.J. Feb. 4, 2009) (discussing the Court's "inherent power to modify or vacate its own interlocutory orders" in vacating its Order finding that Plaintiff lacked antitrust standing); *Everest Nat. Ins. Co. v. Sutton*, CIV.A 07-722 (JAP), 2010 WL 147930, at *1 (D.N.J. Jan. 9, 2010) (quoting *Canal Authority of State of Fla. v. Callaway*, 489 F.2d 567,

---

[6] Rule 60(c)(1) provides that a "motion under Rule 60(b) must be made within a reasonable time - . . . no more than a year after the entry of the judgment or order or the date of the proceeding."
[7] "The text of Rule 1 emphasizes the trial courts' affirmative duty to exercise the procedural authority the Rules bestow so as to resolve civil litigation *fairly* and without undue cost or delay. Baicker-McKee, Janssen, Corr, Federal Civil Rules Handbook 2014, at 198 (emphasis added).

578 (5th Cir. 1984)) (discussing authority of Court to "make any changes in [an] injunction that are equitable...for any [] good reason.").

### B. Analysis

This Court is presented with two conflicting motions – one seeks an order finding the USNile defendants in contempt for flagrantly violating a Court's order issuing a preliminary injunction; the other seeks to vacate the preliminary injunction because it was allegedly granted unfairly and without opposition from the USNile defendants. Both sides have apparently engaged in gamesmanship; Jellybean filed its action in California and applied for its injunction *after* USNile filed a complaint here in New Jersey. The Court in the Southern District of California, in response to the USNile defendants' motion to dismiss or transfer, transferred the action to the District of New Jersey *after it entered* the preliminary injunction. To make matters worse, prior counsel for the USNile defendants failed to oppose the injunction and informed USNile that it should ignore the injunction, which it continues to do. And when it is not ignoring the injunction, USNile, according to papers filed by Jellybean, has been erroneously advising customers of both parties that it has won these cases.

### I. Motion to Vacate the Preliminary Injunction

In considering these motions, this Court will seek to administer justice on the facts in the record, pursuant to its obligation under Fed. R. Civ. P. 1 and the inherent authority of the Court. The Court's (Gonzalez, J.) order granting the preliminary injunction was a foregone conclusion as soon as default was entered because (1) the Court was required to consider the allegations as true upon entry of default, and (2) USNile's prior counsel did not oppose the motion. Although USNile's prior counsel's lack of diligence in securing *pro hac vice* admission may have caused USNile's default, the attorney acted diligently and swiftly in moving to set aside the default just

7

one week after it was entered. Despite all this, the Court decided the earlier-filed motion for preliminary injunction *before* it decided the motion to set aside default, at a point too late for the USNile defendants to avoid the entry of the preliminary injunction (even though the default was eventually vacated). Even though the Court ultimately set aside the default, the Court's decision was not issued until one week after it entered the preliminary injunction, which was itself based on the default.[8]

If the preliminary injunction were left to stand, USNile's prior counsel's single failure to file a timely Answer would have a ripple effect resulting in the potential destruction of USNile's television subscription business. USNile's default, which was the result of its prior counsel's inaction, completely crippled its ability to oppose the preliminary injunction. Even though USNile's prior counsel tried to defend the case after the default, by filing a motion to dismiss and a motion to stay the preliminary injunction hearing, the District Court disregarded those applications in light of the default. Thus, it did not matter how diligent USNile's prior counsel was *after* the default. More importantly, the facts, upon which the extraordinary remedy of injunctive relief should be based, were not properly or fairly vetted.

As soon as USNile's current counsel appeared in this action, *i.e.*, approximately three months after the Court entered the preliminary injunction order, USNile promptly filed a Motion to Vacate the Preliminary Injunction, well within the one year time frame established under Rule 60(e). In its brief supporting the Motion to Vacate the preliminary injunction, USNile presents information and exhibits that directly contradict Jellybean's allegations-- allegations that the

---

[8] It is curious that the Court entered an unopposed motion for an injunction in the face of an application to vacate the default, but in this conflagration of gamesmanship and missed opportunities, one suspects that the Court had its reasons. Now, however, this Court must rule on the record and the facts presented therein.

8

District Court (Gonzalez, J.) was previously required to take as true in ruling upon Jellybean's motion for preliminary injunction in light of USNile's default. This Court concludes that, had USNile's prior counsel presented such evidence in opposition to the motion for preliminary injunction, the California Court could not have entered the order granting the preliminary injunction.[9] The fact is, it was not a fair fight. The United States District Court for the Southern District of California was hamstrung by counsel's course of action – this Court is not. And the Federal Rules of Civil Procedure and the law emanating therefrom, at the very least, call for a fair fight. *See Eisenberg v. Smith*, 263 F.2d 827, 829 (3d Cir. 1959) ("The rules of civil procedure are designed to assist civil business in an ordinary fashion but surely should not be so literally interpreted as to prevent a fair result in a meritorious case."); *N.H. Ins. Co. v. Diller*, 678 F. Supp. 2d 288, 313, n. 31 (D.N.J. 2009) ("[T]he Court . . . has the plenary authority, and the solemn responsibility, to apply the federal rules of civil procedure to afford fair play and substantial justice and to foster resolutions on the merits."); *Spence v. Lahood*, No. 11-3972 (JBS), 2012 U.S. Dist. LEXIS 80015, *21 (D.N.J. June 8, 2012) ("The Federal Rules of Civil Procedure are to be applied in such a way as to promote justice.").

---

[9] For instance, USNile has set forth facts that purport to demonstrate that Jellybean claims to have exclusive rights to several channels, including ONTV. (Complaint, ECF No. 1). However, on September 10, 2012, Jellybean entered into a *non-exclusive* Broadcast License Agreement with ONA, the entity that possess the rebroadcasting rights for the ONTV Channel. (Faltaous Decl., Ex. G, ECF No. 22-5, at 10-11). Additionally, Jellybean's Broadcast License Agreement with Star Cinema Satellite Channels Network (1) and Star Cinema (2) entered into on November 6, 2012 was "terminated and annulled" on November 27, 2012, thereby becoming "void and non-exist[ent]". (*See* 2:13-cv-07043; Skolnik Decl., Ex. 5, ECF No. 61-21, at 3). That termination occurred four months prior to Jellybean's submission of its motion for a preliminary injunction. (*See* 2:13-cv-07043; Motion for Preliminary Injunction, ECF No. 4).

This Court further finds that Jellybean would suffer no prejudice if the Court relieves USNile from the preliminary injunction order. You cannot be prejudiced by giving up that to which you are not entitled.

## II.     Motion to Find Defendant In Contempt

The Court will not enter contempt against the USNile defendants. USNile, in continuing to broadcast its television channels in violation of the injunction, heeded the advice of its prior counsel, who advised them that the injunction was merely a scare tactic that did not have to be obeyed. Laypersons who have retained counsel rely upon the advice of counsel in interpreting court orders and understanding court proceedings. But more importantly, there is a legal distinction here. This Court is *vacating* the Order of injunction, not modifying it. It would be incongruous to hold a party in contempt for violating an Order that has been vacated.

Furthermore, as soon as USNile's new counsel appeared in this action, USNile filed its motion to vacate the preliminary injunction well within the time limit prescribed by Rule 60(c). While the Court does not condone violation of Court orders, the Court recognizes the extreme consequences that the preliminary injunction would have had on USNile's business if USNile stopped broadcasting its Arabic language channels while it awaited the Court's ruling on its Motion to Vacate. Jellybean does not dispute USNile's contention that the preliminary injunction would have destroyed its business. Had this Court not vacated the preliminary injunction, perhaps contempt would be a viable sanction.

The Court recognizes, however, that Jellybean incurred litigation costs and attorney fees in filing its motion for preliminary injunction and in seeking to enforce it. The Court's ruling to vacate the preliminary injunction is not based on any wrongdoing of Jellybean. As the Court (Gonzalez, J.) had entered a valid court order granting Jellybean's motion for preliminary

10

injunction, Jellybean had no reason not to follow up with its actions. While the Court will not hold USNile in contempt for failing to comply with the preliminary injunction, the Court hereby orders USNile to pay to Jellybean the litigation costs and attorney fees associated with its efforts to enforce the preliminary injunction order and its motion for contempt.

### III.  CONCLUSION

For the foregoing reasons, USNile's motion to vacate the preliminary injunction (Dkt. 13-cv-07043, ECF No. 61) is **GRANTED**, and Jellybean's motion for contempt (Dkt. 13-cv-07043, ECF No. 39) is **DENIED**. An appropriate Order accompanies this Opinion.

_____
Hon. Joseph A. Dickson, U.S.M.J.

cc:   Hon. Jose L. Linares, U.S.D.J.